STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

May 7, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOHN A. HARDESTY,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1315** (BOR Appeal No. 2046962)
                        (Claim No. 2009055086)

**INTERNATIONAL COAL GROUP, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John A. Hardesty, by Raymond A. Hinerman and Christopher J. Wallace, his attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. International Coal Group, Inc., by George E. Roeder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 15, 2012, in which the Board affirmed a February 22, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges modified the claims administrator's February 14, 2011, decision which granted the petitioner a 5% permanent partial disability award and closed the claim for permanent partial disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hardesty, a coal miner, was injured in the course of his employment when he was crushed by a piece of mining equipment and was trapped for approximately one hour on August 12, 2008. His claim was held compensable for injuries to his back and head as well as post-traumatic stress disorder. He has been unable to return to work since the injury due to both his physical and mental conditions.

1

Bobby Miller II, M.D., a psychiatrist, performed an independent medical evaluation of Mr. Hardesty to determine his psychological impairment on February 9, 2011. In that evaluation, Dr. Miller concluded that Mr. Hardesty no longer met the full criteria for post-traumatic stress disorder, and his condition was better described as an anxiety disorder. He also diagnosed a non-compensable personality disorder. He determined that Mr. Hardesty fell into the mild range of impairment under West Virginia Code of State Rules § 85-20-Exhibit B (2006). He found 6% impairment due to the anxiety disorder and discovered that non-work-related factors contributed 20% to the presence of the disorder. The impairment rating was therefore adjusted to 5% whole person impairment.

Mr. Hardesty was evaluated by Anil Nallurim, M.D., on June 16, 2011. In that independent medical evaluation, Dr. Nalluri diagnosed Mr. Hardesty with post-traumatic stress disorder, one episode of major depressive disorder, and a cognitive disorder. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (5th Edition, 2000), he found 15% impairment for post-traumatic stress disorder, 9% impairment for a single episode of major depressive disorder, and 8% impairment for a cognitive disorder. These were combined for a total of 29% whole person impairment. Dr. Nalluri determined that Mr. Hardesty had a global assessment of functioning score of forty-one, which indicated serious symptoms. He concluded that the score correlated with his finding of 29% impairment under West Virginia Code of State Rules § 85-20-Exhibit B.

A final independent medical evaluation was performed on October 11, 2011. In the evaluation, Stuart Burstein, M.D., found no indication that Mr. Hardesty suffered from any psychological or psychiatric impairments. He did find that Mr. Hardesty experienced difficulties with anger and frustration due to his situation but clarified that these problems did not constitute a psychological disorder. Mr. Hardesty was given a global assessment of functioning score of seventy-eight, which was normal. Dr. Burstein accordingly found 0% permanent psychological impairment.

The claims administrator granted Mr. Hardesty a 5% permanent partial disability award and closed the claim for permanent partial disability benefits on February 14, 2011. The Office of Judges modified the decision in its February 22, 2012, Order. It determined Mr. Hardesty was entitled to a 5% permanent partial disability award. A plain reading of the claims administrator's decision was found to indicate that the claim was closed for all further permanent partial disability awards. The Office of Judges determined that the decision only reflected Mr. Hardesty's entitlement to psychiatric permanent partial disability and did not address orthopedic permanent partial disability. The claims administrator's decision was therefore modified to reflect that the claim was closed only for psychiatric permanent partial disability.

Significant weight was placed on Dr. Miller's findings. It was concluded that he properly analyzed Mr. Hardesty's impairment and gave a disability rating based only on post-traumatic stress disorder which was the only compensable psychiatric condition in the claim. The Office of Judges found Dr. Nalluri's findings to be unpersuasive. He included not only the compensable post-traumatic stress disorder but also major depression and a cognitive disorder in his finding of 29% whole person impairment. Neither major depression nor a cognitive disorder are

compensable conditions in this claim. The Office of Judges therefore placed no weight on Dr. Nalluri's findings. It held that because Dr. Miller was the only evaluator to determine that Mr. Hardesty had sustained 5% impairment as the result of post-traumatic stress disorder, he was entitled only to a 5% permanent partial disability award.

The Board of Review adopted the findings of fact of the Office of Judges and affirmed its Order in its October 15, 2012, decision. The Board of Review declined to adopt the reasoning of the Office of Judges and instead relied upon West Virginia Code of State Rules § 85-20 (2006) and the evidentiary record to determine that Mr. Hardesty was only entitled to a 5% psychiatric permanent partial disability award. This Court agrees with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 7, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II